```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| RUTH E. KANTOR, M.D., | : |
| | : |
| v. | : Civil Action No. DKC 20-2475 |
| | : |
| XAVIER BECERRA,[1] in his official capacity as Secretary of the Department of Health and Human Services | : : : |

**MEMORANDUM OPINION**

On March 25, 2021, the undersigned issued a memorandum opinion and order directing the parties to show cause why this case should not be remanded. (ECF Nos. 16 & 17). The Secretary responded to the show cause order on April 1 (ECF No. 18), Plaintiff responded on April 15 (ECF No. 19), and the Secretary replied to Plaintiff's response on April 19 (ECF No. 20). For the following reasons, this action will be remanded to the Medicare Appeals Council ("Council") for further action consistent with the court's previous memorandum opinion. (ECF No. 16).

The parties agree that remanding this case to the Council is appropriate. (See ECF Nos. 18, at 1 & 19, at 1). They dispute,

---

[1] The complaint named Alex M. Azar, former Secretary of Health and Human Services ("HHS") as Defendant. (ECF No. 1). As of the time of the filing of this opinion, Xavier Becerra now serves as HHS Secretary ("Secretary"). Pursuant to Fed.R.Civ.P. 25(d), Secretary Becerra is automatically substituted as a party to this action.

however, whether the court may remand with specific instructions as to how the Council must resolve the merits of Plaintiff's claim. In her complaint, Plaintiff requested only that the court "[i]ssue an order remanding . . . to the Medicare Appeals Council with an instruction to consider Dr. Kantor's timely appeal on the merits." (ECF No. 1, at 11).  Plaintiff, however, now requests that this court "remand with specific instructions that the Council reimburse [her] the full amount of the costs she incurred" and further requests a hearing on the issue of what specific instructions to provide. (ECF No. 19, at 1 & 5).

The Secretary urges the court to reject this request and argues that because "neither the ALJ nor anyone below has opined on the merits of Plaintiff's reimbursement claim . . . there is no decision for the [c]ourt to review and the [c]ourt lacks subject-matter jurisdiction over Plaintiff's new request." (ECF No. 20, at 2).  The Secretary further states that "Plaintiff's request for the [c]ourt to decide the merits of her claims before the Secretary has a chance to address that issue is contrary to [42 U.S.C. §§] 405(g) and (h) and unequivocal Supreme Court law [in *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 14-15 (2000) and *Smith v. Berryhill*, 139 S. Ct. 1765, 1773 (2019)]." (*Id.*).

Plaintiff acknowledges that "when an agency makes an error of law in its administrative proceedings, a reviewing court should ordinarily remand the case to the agency for further action

2

consistent with the correct legal standards" but nonetheless asserts the court should grant her request because "courts possess broad discretion to consider the undue delays and prejudice that fall on parties during the lengthy administrative process." (ECF No. 19, at 1-2). Plaintiff contends that "[t]his is a highly unusual case where the underlying facts are such that the Council has no discretion to act in any other manner, and a remand for further proceedings would produce additional unnecessary delay in an action where Petitioner is clearly entitled to reimbursement." (*Id.*, at 4). In support of her request, Plaintiff cites only two cases: *Saltares v. Bowen*, 711 F. Supp. 162 (S.D.N.Y. 1989) and *Community Hosp. of Roanoke Valley v. Health and Human Services*, 770 F. 2d 1257 (4th Cir. 1985). Neither of these cases, however, support the proposition that this court may remand to the Council with instructions to rule in Plaintiff's favor on the merits.

In *Saltares*, the plaintiff applied for and was denied social security disability benefits. The plaintiff appealed his denial to the district court and the case was remanded to the Secretary for further proceedings. The plaintiff then asked the district court to award him interim monthly social security disability benefits pending the outcome on remand, arguing that such benefits were warranted given that he previously endured delays due to the Secretary's error and had a high probability of success on remand. The court disagreed and concluded that the award of interim

benefits was *not* justified "simply because the Secretary's actions warrant[ed] remand." *Saltares*, 711 F. Supp. at 165.  This court first notes that remanding with an order awarding interim benefits to an individual in the social security disability context is distinct from the relief that Plaintiff seeks here: remanding with a dispositive instruction that the Medicare Appeals Council issue a favorable ruling for Plaintiff on the merits of her claim.  Any award of interim benefits in *Saltares* would not have constituted a dispositive ruling on the merits by the district court.  In any event, *Saltares* does nothing to bolster Plaintiff's argument because the court ultimately *rejected* the notion that awarding interim benefits was warranted.

*Community Hosp. of Roanoke Valley v. Health and Human Services* is also inapposite.  There, plaintiff-hospitals challenged as arbitrary and capricious and contrary to law an HHS policy regarding reimbursement due to them for services provided to labor/delivery patients.  The plaintiff-hospitals exhausted the administrative appeals process without success and appealed to the district court.  The district court held that the policy was irrational and contrary to law and remanded the case to the Secretary for further consideration.  The Secretary appealed to the United States Court of Appeals for the Fourth Circuit and the circuit court affirmed the lower court's ruling that the labor/delivery policy was arbitrary and capricious and contrary to

4

law.  The Secretary requested that the case be remanded so that she would have a chance to present evidence showing that the disputed policy was necessary to avoid overcompensating providers.  The United States Court of Appeals for the Fourth Circuit noted that the Secretary "ha[d] not [yet] had the opportunity to present [this] evidence" and thus, remanded the case to the district court for further evidentiary findings with an instruction to find the policy invalid *if* the Secretary failed to present evidence supporting that the policy was necessary for offsetting overcompensation.  (*Community Hosp. of Roanoke Valley*, 770 F. 2d at 1266-67).  Despite the fact that *Community Hosp. of Roanoke Valley* involved issuing a contingent instruction on remand, it is meaningfully distinct from the present case.  Here, unlike in *Community Hosp. of Roanoke Valley*, no factual determination has ever been made below on the merits of Plaintiff's entitlement to reimbursement.  Thus, there is neither a record nor a decision for this court to review.  As the court previously explained in its memorandum opinion,

> "[i]t is the [c]ourt's role to 'determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did.'" *Abington Mem'l Hosp. v. Burwell*, 216 F. Supp. 3d 110, 129 (D.D.C. 2016) (quoting *Styrene Info. & Research Ctr., Inc. v. Sebelius*, 944 F.Supp.2d 71, 77 (D.D.C. 2013)).  "In short, when a district court reviews agency action, it 'sits as an appellate tribunal, and [t]he entire case on review is a question of law.'"

>       *Id.* (quoting *Am. Bioscience, Inc. v. Thompson*,
>       269 F.3d 1077, 1083 (D.C. Cir. 2001)).

*Kantor v. Becerra*, No. CV DKC 20-2475, 2021 WL 1139757, at *2 (D.Md. Mar. 25, 2021). While the court previously concluded that, as a matter of law, the ALJ's determination that Plaintiff's appeal was untimely was arbitrary and capricious, the court *did not* make any determination as to the merits of Plaintiff's claim for reimbursement. (*Id.*, at *9). Nor could it make any such determination given that:

> district courts reviewing agency action under the APA's arbitrary and capricious standard do not resolve factual issues, but operate instead as appellate courts resolving legal questions. *See Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1224 (D.C. Cir. 1993); 6 J. Moore, Federal Practice ¶ 56.17[3], 56–362 (1988). Like appellate courts, district courts do not duplicate agency fact-finding efforts. Instead, they address a predominantly legal issue: Did the agency "articulate a rational connection between the facts found and the choice made"? *Bowman Transp., Inc. v. Arkansas–Best Freight Sys. Inc.*, 419 U.S. 281, 285, 95 S.Ct. 438, 441–42, 42 L.Ed.2d 447 (1974) (internal quotation marks omitted). District courts may, however, need to resolve factual issues regarding the process the agency used in reaching its decision. *See Occidental Petroleum Corp*. [*v. SEC*, 873 F.2d 325, 339–40 (D.C. Cir. 1989)].

*James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1096 (D.C. Cir. 1996). The merits of Plaintiff's entitlement to reimbursement is a factual issue outside the scope of this court's jurisdiction. Courts have consistently rejected the notion that they may devise

6

and mandate a specific remedy upon remand. For example, in *Palisades Gen. Hosp. Inc. v. Leavitt*, the court declined to order HHS to take specific actions on remand stating that: "[u]nlike a district court managing a garden variety civil suit, a district court reviewing a final agency action does not perform its normal role but instead sits as an appellate tribunal." 426 F.3d 400, 403 (D.C. Cir. 2005) (internal quotations and citations omitted). Thus, the court concluded that, "the district court had jurisdiction only to vacate the Secretary's decision . . . and to remand for further action consistent with its opinion. It did not, as the hospital contends, have jurisdiction to order [] reclassification[.]" (*Id.*). Likewise, in *Baystate Med. Ctr. v. Leavitt*, 545 F. Supp. 2d 20 (D.D.C.), amended in part, 587 F. Supp. 2d 37 (D.D.C. 2008), judgment entered, 587 F. Supp. 2d 44 (D.D.C. 2008), the reviewing court also rejected the plaintiff's request for an order directing the agency to take specific actions on remand, explaining that the "[c]ourt is not empowered [] to enter this type of relief in an APA case. As this Circuit has explained, in such a case the district court 'sits as an appellate tribunal.'" *Id.*, at 58 (citing *County of Los Angeles v. Shalala*, 192 F.3d 1005, 1011 (D.C. Cir. 1999)). Most recently, in *Ne. Hosp. Corp. v. Sebelius*, 699 F. Supp. 2d 81 (D.D.C. 2010), *aff'd*, 657 F.3d 1 (D.C. Cir. 2011), the plaintiff-a Massachusetts hospital-appealed to the district court a final decision by the Secretary of HHS concerning

7

the amount of Medicare reimbursement due to it for services provided to certain labor and delivery patients. The Secretary conceded that her decision was erroneous and requested that the reviewing court remand the issue to the agency for further proceedings. The plaintiff-hospital, however, objected and requested that the court instead remand with an order directing the Secretary to count the labor and delivery costs in the manner that the plaintiff-hospital desired. The court denied this request, stating that:

> The [c]ourt cannot grant the Hospital's request. The rule in this circuit is clear: "'when a court reviewing agency action determines that an agency made an error of law, the court's inquiry is at an end: the case must be remanded to the agency for further action consistent with the correct legal standards.'" *Palisades Gen. Hosp., Inc. v. Leavitt,* 426 F.3d 400, 403 (D.C. Cir. 2005) (quoting *County of Los Angeles*, 192 F.3d at 1011); *see also Baystate Med. Ctr. v. Leavitt,* 545 F.Supp.2d 20, 58 (D.D.C. 2008) ("A district court may not 'retain jurisdiction to devise a specific remedy for the Secretary to follow.'" (quoting *County of Los Angeles,* 192 F.3d at 1011)). Accordingly, the [c]ourt "ha[s] jurisdiction only to vacate the Secretary's decision . . . and to remand for further action consistent with its opinion," and it would be error to do anything more. *Palisades,* 426 F.3d at 403.

*Id*., at 96.

As demonstrated by the foregoing precedent, the court lacks jurisdiction to remand to the Council with the instruction Plaintiff seeks. Doing so would require this court to make factual

determinations it is not entitled to make in an administrative review case.  Thus, the court will enter an order vacating the Secretary's decision and remanding this case to the Medicare Appeals Council for further action consistent with its previous memorandum opinion (ECF No. 16).

/s/
DEBORAH K. CHASANOW
United States District Judge
